

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GLENN J. MADDEN, as the Executor of
the Estate of Patricia T. Madden,

              Plaintiff,

      v.

THOMAS G. BEWLEY, TIAA-CREF
INDIVIDUAL AND INSTITUTIONAL
SERVICES, LLC, and THE RESEARCH
FOUNDATION OF THE STATE
UNIVERSITY OF NEW YORK,

              Defendants.

_____

**DECISION AND ORDER**

1:16-CV-00571 EAW

## INTRODUCTION

Plaintiff Glenn J. Madden ("Plaintiff") filed this action in New York state court on June 22, 2016, as Executor of the Estate of Patricia T. Madden, seeking to establish the Estate's rights to the entirety of the deceased's retirement benefits.   (Dkt. 1-1). Defendant The Research Foundation of the State University of New York ("RF-SUNY") removed the action to this Court on July 14, 2016, pursuant to the Court's federal question subject matter jurisdiction under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). (Dkt. 1).

Defendant Thomas G. Bewley ("Bewley") has not answered the complaint or otherwise appeared in this case.  Plaintiff requested that the Clerk of Court enter a default as to Bewley on September 19, 2016.  (Dkt. 9).  The Clerk of Court entered such default on September 20, 2016.  (Dkt. 10).  On November 10, 2016, Plaintiff moved for a default

judgment against Bewley. (Dkt. 18). Plaintiff served Bewley with his motion papers and a copy of the Court's motion scheduling order. (Dkt. 20). Bewley did not respond.

## BACKGROUND[1]

Prior to her death, Ms. Madden participated in Defendant TIAA Individual and Institutional Services, LLC's ("TIAA") retirement system through her employment at RF-SUNY. (Dkt. 1-1 at 6). Ms. Madden's TIAA benefits under TIAA Retirement Annuity Contract No. B1189873 and CREF Retirement Unit-Annuity Certificate No. Q1189870 totaled $82,606.08 at the time of her death. (*See id.* at 8). When she applied for participation in the TIAA plan, Ms. Madden was married to Bewley. (*Id.* at 6). Ms. Madden's application for retirement benefits designated Bewley as the primary beneficiary and Ms. Madden's Estate as the contingent beneficiary of the benefits. (*Id.*).

Ms. Madden and Bewley executed a Property and Separation Agreement on December 13, 1983, in which both parties agreed to waive "any and all right, title or interest either may have in the other's . . . retirement benefits or accounts and pension plans." (*Id.* at 7 (emphasis omitted)). They also agreed that

> each will at the request of the other, or his or her legal representatives, executors, administrators and assigns, execute, acknowledge and deliver any and all deeds, releases or any other instruments necessary to bar, relinquish or extinguish such interests, rights and claims, for which may be needful for the purpose of carrying into effect any of the provisions of this agreement.

(*Id.* at 8 (emphasis omitted)). Ms. Madden and Bewley were divorced by final decree from the Supreme Court of the State of New York on July 3, 1984. (*Id.*).

---

[1]     The background information is taken from the complaint. (*See* Dkt. 1-1).

Ms. Madden and Plaintiff married on November 4, 1989. (*Id.*). Ms. Madden passed away on September 17, 2015, leaving Plaintiff as her surviving spouse and Executor of her Estate. (*Id.*). Because Bewley's interest has been revoked by the Property and Separation Agreement, Plaintiff asserts that he and the Estate, collectively, have a right to 100% of Ms. Madden's TIAA retirement benefits. (*Id.* at 9). Plaintiff informed TIAA of Bewley's relinquishment of his rights to the benefits, but TIAA determined that the retirement benefits would be split—50% to Bewley, as the designated primary beneficiary, and 50% to Plaintiff, as Ms. Madden's surviving spouse. (*Id.* at 11). Bewley was copied on TIAA's determination letter which stated that Bewley was entitled to 50% of Ms. Madden's retirement benefits. (*Id.* at 11-12).

Plaintiff repeatedly requested that Bewley renounce his claim, pursuant to the Property and Separation Agreement. In March 2016, Plaintiff sent letters and spoke with Bewley via phone requesting that he renounce his claim on the retirement benefits. (*Id.* at 9-10). On March 15, 2016, Plaintiff sent Bewley a letter requesting that Bewley sign a Renunciation of Interest and Affidavit to carry out and confirm his waiver of any right. (*Id.* at 9-12). Plaintiff sent Bewley another set of the Renunciation of Interest and Affidavit paperwork on April 1, 2016. (*Id.* at 9-10). Plaintiff sent a third letter on May 5, 2016, demanding that Bewley contact TIAA to renounce his interest in Ms. Madden's retirement benefits. (*Id.* at 12). Plaintiff never received a response from Bewley, nor did Bewley provide TIAA with a waiver of his interests. (*Id.* at 10, 12).

Plaintiff claims breach of contract, anticipatory breach, and breach of the implied duty of good faith and fair dealing by Bewley. (*Id.* at 13-17).

## DISCUSSION

## I.   Default Judgment

"Having obtained a default, a plaintiff must next seek a judgment by default under Rule 55(b)." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). "Once the default has been entered, the Court will accept as true the allegations of the complaint that establish the defaulting [defendant's] liability." *Am. Fruit & Vegetable Co. v. Ithaca Produce, Inc.*, 848 F. Supp. 2d 375, 377 (W.D.N.Y. 2011). "The court, however, must still determine whether, based on the complaint's well-pleaded allegations, the complaint states a claim upon which relief can be granted." *Granite Music Corp. v. Ctr. St. Smoke House, Inc.*, 786 F. Supp. 2d 716, 726 (W.D.N.Y. 2011). "[A] default judgment establishes [the defendant's] liability." *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 854 (2d Cir. 1995). "Upon establishing a defendant's liability, the only remaining question is whether the plaintiff has provided adequate evidentiary support for the damages sought." *Granite Music Corp.*, 786 F. Supp. 2d at 726 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)).

## II.   Plaintiff's Claims Establish a Breach of Contract

Plaintiff's first cause of action alleges a breach of contract. (Dkt. 1-1 at 13-15). Under New York law, a breach of contract claim has four elements: "(1) a contract; (2) performance of the contract by one party; (3) breach by the other party; and (4) damages." *First Inv'rs Corp. v. Liberty Mut. Ins. Co.*, 152 F.3d 162, 168 (2d Cir. 1998).

The allegations in Plaintiff's complaint, accepted as true, establish a breach of contract. Plaintiff asserts that there was a valid and binding contract between Ms. Madden and Bewley. Plaintiff attached a copy of the Property and Separation Agreement to the complaint filed in state court. (*See* Dkt. 1-1 at 41-51). The notarized Agreement was signed by "Thomas G. Bewley" and "Patricia Bewley" on November 23, 1983. (*Id.* at 50).

In the Agreement, Bewley contracted to provide any release or other instrument, at the request of Ms. Madden or her Executor, "for the purpose of carrying into effect any of the provisions of this agreement," including a waiver of retirement benefits. (*Id.* at 46, 48). Plaintiff repeatedly attempted to obtain Bewley's release of any claim he might have to Ms. Madden's retirement benefits after her passing. Bewley failed to execute such release, as required by the Property and Separation Agreement. Due to Bewley's failure to release his claim, TIAA plans to pay only 50% of Ms. Madden's benefits to Plaintiff individually, as the surviving spouse, and to pay the amount due to the Estate to Bewley.

Taking Plaintiff's allegations as true, the Court finds that Plaintiff has sufficiently stated a claim upon which relief can be granted. Because Bewley has not appeared in this case and a default has been entered by the Clerk of Court, default judgment is granted in favor of Plaintiff as to the first cause of action alleging breach of contract.

## III. **Plaintiff's Remaining Claims**

Plaintiff's second cause of action alleges anticipatory breach of contract. (*Id.* at 15-16). "Under [the anticipatory breach] doctrine, if one party to a contract repudiates his duties thereunder prior to the time designated for performance and before he has

received all of the consideration due him thereunder, such repudiation entitles the nonrepudiating party to claim damages for total breach." *Long Island R.R. Corp. v. Northville Indus. Corp.*, 41 N.Y.2d 455, 463 (1977). In New York, "[a] plaintiff alleging an anticipatory breach of contract must show (1) that the defendant insisted upon terms not contained in the contract; and (2) that the plaintiff was ready, willing, and able to perform its own obligations under the contract when performance was due." *United States v. Hon*, 17 F.3d 21, 26 (2d Cir. 1994) (citing *Towers Charter & Marine Corp. v. Cadillac Ins. Co.*, 894 F.2d 516, 523 (2d Cir. 1990)).

Plaintiff's third cause of action alleges that Bewley breached the Property and Separation Agreement's implied duty of good faith and fair dealing. (*Id.* at 16-17).

> In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance. This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. While the duties of good faith and fair dealing do not imply obligations inconsistent with other terms of the contractual relationship, they do encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were included.

*511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153 (2002) (internal citations omitted). However, a claim that the implied covenant of good faith and fair dealing was breached cannot stand alone from a breach of contract cause of action if based on the same underlying facts as the breach of contract. *See Amcan Holdings, Inc. v. Canadian Imperial Bank of Commerce*, 70 A.D.3d 423, 426 (1st Dep't 2010) (finding that a "claim that [the] defendants breached the implied covenant of good faith and fair dealing was properly dismissed as duplicative of [a] breach-of-contract claim, as both

claims [arose] from the same facts and [sought] the identical damages for each alleged breach." (internal citations omitted)).

The Court declines to grant default judgment in favor of Plaintiff on the second and third causes of action. Plaintiff has not established his entitlement to a default judgment in his favor on the anticipatory breach claim. Plaintiff has established that an actual breach of contract occurred—not that the contract was repudiated in an anticipatory manner or that the implied duty of good faith and fair dealing was violated separate and apart from the underlying breach of contract. Therefore, the Court denies Plaintiff's motion for a default judgment as to the second and third causes of action.

## IV.   **Relief Sought**

Plaintiff has submitted evidence to show that the Estate is entitled to the non-surviving spouse share of Ms. Madden's retirement benefits as the named contingent beneficiary, which would otherwise be paid to Bewley. As noted above, Plaintiff attached to the complaint the Property and Separation Agreement, which severs Bewley's claim to the retirement benefits. Plaintiff also attached the divorce decree between Bewley and Ms. Madden (Dkt. 1-1 at 53-54), the TIAA retirement benefit policy (*Id.* at 25-39), and the RF-SUNY retirement plan documents (Dkt. 1-2 at 17-71).

Upon reviewing the documents submitted, the Court is satisfied that Plaintiff has provided sufficient documentary evidence to support relief as Plaintiff requests. When Ms. Madden signed up for the TIAA plan, she indicated that Bewley was the primary beneficiary, and her Estate was designated as the contingent beneficiary. (Dkt. 1-1 at 23). Any claims Bewley may have had to the retirement benefits were extinguished pursuant

to the Property and Separation Agreement.  Thus, those retirement benefits which would have gone to Bewley should inure to Ms. Madden's Estate.  Plaintiff brings the instant action on behalf of the Estate.  The Estate, as the contingent beneficiary, is entitled to the non-surviving spouse, 50% share of Ms. Madden's TIAA retirement benefits.  Bewley is hereby enjoined and prohibited from applying for Ms. Madden's retirement benefits or accepting any of Ms. Madden's retirement benefits.  Any application from Bewley for Ms. Madden's retirement benefits is null and void.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion is granted as to the first cause of action.  Plaintiff is entitled to the non-surviving spouse share of Ms. Madden's retirement benefits under TIAA Retirement Annuity Contract No. B1189873 and CREF Retirement Unit-Annuity Certificate No. Q1189870 as the named contingent beneficiary.

While the Court has declined to issue a default judgment in favor of Plaintiff as to the second and third causes of action, the same relief is sought for all causes of action. Accordingly, while the case remains open and those causes of action remain pending, as a practical matter it appears as though Plaintiff would have no purpose in continuing to pursue those remaining causes of action, even if they were viable (which the Court questions).  Of course, the Court does not want to assume that Plaintiff intends to relinquish those claims, and accordingly, Plaintiff is directed to advise the Court within thirty (30) days of the entry of this Decision and Order as to whether he objects to the Court closing the case and issuing final judgment in favor of Plaintiff on the first cause of action.

The Clerk of Court is directed to send a copy of this Decision and Order to Defendant Bewley at 1456 Worton Blvd., Mayfield Heights, OH 44124.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 18, 2017
       Rochester, New York